# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------x

FIAT LUX TRUST,                         VERIFIED COMPLAINT
Plaintiff,                                   AMENDED

v.

JPMORGAN CHASE BANK, N.A.,              Index No.: 160820/2024
Defendant.

-------------------------------------------------x

TO THE SUPREME COURT OF THE STATE OF NEW YORK:

      Plaintiff, Fiat Lux Trust ("Plaintiff" or "Trust"), by and through its Settlor and Co-Beneficiary Carson D. Loper and Co-Beneficiary Griffin J. Cascone, who have standing to enforce the terms of the Indenture and protect the Trust's interests, alleges upon personal knowledge and upon information and belief as follows:

## PARTIES

1.     Plaintiff Fiat Lux Trust is a duly established express trust created pursuant to the Fiat Lux Trust Indenture ("Indenture"), executed by its Settlor, Carson D. Loper, on October 28, 2024. The Trust's situs and administration are located at 390 Madison Avenue, New York, NY 10017, within the jurisdiction of this Court.

2.     Defendant JPMorgan Chase Bank, N.A. ("Defendant"), is a national banking association organized under the laws of the United States, with its principal place of business at 390 Madison Avenue, New York, NY 10017, and a significant presence in New York County.

~ 1 ~

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to Article VI Section 7 of the Constitution of the State of New York, as this case involves equitable claims arising from a trust dispute.

4. Venue is proper in New York County pursuant to CPLR § 503(a) because the Trust's situs, as designated in the Trust Indenture, is located in New York County. Additionally, Defendant's principal offices related to fiduciary and trust services are located within this jurisdiction.

## FACTUAL BACKGROUND

5. On October 28, 2024, the Settlor executed the Indenture, establishing the Fiat Lux Trust for the benefit of the named Beneficiaries.

6. Defendant JPMorgan Chase Bank, N.A. was appointed as Trustee, with express instructions governing its fiduciary obligations.

7. The Fiat Lux Trust satisfies all elements of a valid trust under New York law, including: a designated beneficiary, a designated trustee, identifiable trust property, and delivery of such property to the Trustee, as articulated in *Brown v. Spohr*, 180 N.Y. 201, 209.

8. The Trust Property, which was delivered to Defendant, includes a financial instrument of substantial value (the "Instrument"), and other assets intended for administration under the terms of the Indenture.

9. Under the Indenture, Defendant was required to accept or disclaim the trusteeship within seven (7) calendar days of receiving the Indenture and Trust Property.

10. The Indenture explicitly provides that any disclaimer of trusteeship must: a) Be executed on the specified "Disclaimer of Office of Trustee" form; b) Be signed under

penalty of perjury, affirming that the Instrument was not used in any financial transaction; and c) Be completed and delivered to the Settlor within the prescribed timeframe.

11. Defendant failed to disclaim the trusteeship in accordance with the Indenture's express terms.

12. During the disclaimer period, Defendant handled and exercised control over Trust Property, including the financial instrument, which constitutes acceptance of the trusteeship by conduct under Section 2.4 of the Indenture in the absence of a valid disclaimer.

13. Under EPTL § 7-2.4, any act by a trustee in contravention of the terms of a trust is void. Defendant's failure to properly disclaim within the prescribed timeframe constitutes acceptance of the trusteeship by operation of law.

14. Defendant's conduct, including issuing a noncompliant disclaimer, violates the Indenture's express terms and is void under New York law, consistent with *Sankel v. Spector*, 819 N.Y.S.2d 682.

15. Defendant's outright refusal to comply with the audit request under Section 2.6 of the Indenture, which includes records of any potential financial transactions involving the Instrument, constitutes a flagrant breach of fiduciary duty, reflective of misconduct and bad faith.

16. For additional supporting authority and legal analysis, including detailed discussion of the validity of the Fiat Lux Trust under New York law, the fiduciary duties imposed on Defendant, and the specific breaches alleged, Plaintiff incorporates by reference its Memorandum of Law in Support of Verified Complaint.

# FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation set forth above as if fully stated herein.

18. Defendant, as Trustee by operation of law pursuant to the Indenture and New York law, was obligated to act in strict accordance with the express terms of the Indenture and to uphold the Settlor's intent, which governs the administration of the Trust.

19. Defendant's conduct constitutes a repudiation of its fiduciary obligations, including its duties of loyalty, care, good faith, and impartiality, by: a) Refusing to fulfill its obligations under the Indenture, thereby frustrating the Trust's purpose and undermining the Settlor's express directives; b) Undertaking actions that evade its responsibilities as Trustee, reflecting a disregard for the principles of trust law; c) Neglecting to act in furtherance of the Trust's administration and purpose, thereby undermining the confidence and reliance that the Settlor and Beneficiaries placed in the Trustee; and d) Engaging in obstructionist and evasive behavior that contravenes its obligation to administer the Trust solely in the interests of the Beneficiaries.

20. Defendant's conduct violates the express terms of the Indenture and equity's core maxims, including: a) Equity will not suffer a wrong to be without remedy: Defendant's breaches have caused material harm to the Trust, including delays in administration, financial uncertainty, and erosion of the Settlor's and Beneficiaries' confidence in the Trustee.; b) Equity regards as done that which ought to be done: Defendant's evasion of its duties is irreconcilable with its position as Trustee by operation of law; and c) Equity follows the law: The Trustee's failure to act in strict conformity with the Indenture contravenes New York trust law and established fiduciary principles.

21. As a direct and proximate result of Defendant's dereliction of duty, Plaintiff has suffered irreparable harm, including but not limited to: a) Obstruction of the Trust's

~ 4 ~

administration and purpose; and b) Denial of the Settlor's express intent to benefit the Beneficiaries.

22. All necessary elements of a valid claim for Repudiation are met, including: a) The existence of a trust and fiduciary relationship, validly established under New York law; b) Defendant's obligations as Trustee by operation of law; c) Defendant's repudiation of fiduciary duties; and d) Irreparable harm resulting from Defendant's breaches.

## SECOND CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation set forth above as if fully stated herein.

24. Defendant, as Trustee by operation of law pursuant to the Indenture, owes fiduciary duties to Plaintiff, including but not limited to: a) The duty of loyalty to act solely in the best interests of the Trust and its Beneficiaries; b) The duty of care to act with diligence, prudence, and fidelity in administering the Trust Property; and c) The duty of full disclosure to provide accurate, transparent, and complete information concerning the administration of the Trust and its Property.

25. Section 2.6 of the Indenture expressly grants Plaintiff the right to audit the Trustee's records and obtain documentation related to the administration of Trust Property, including the Instrument.

26. Based on information and belief, Defendant's conduct constitutes constructive fraud by breaching its fiduciary duties, irrespective of intent, through: a) Refusal to provide a transparent accounting of Trust Property, as explicitly required under the Indenture; b) Concealment of material facts related to the handling and potential utilization of the Instrument, including its digitization or securitization; c) Engaging in obstructionist and evasive behavior, as evidenced by Defendant's invalid disclaimer and refusal to comply with Plaintiff's audit request; and d) Making materially misleading statements that create ambiguity about its role and obligations as Trustee.

~ 5 ~

27. In an email dated November 6, 2024, Adam Clark, Global Head of Trusts and Estates for Defendant, stated that "JP Morgan has never been the trustee of the Fiat Lux Trust you reference" and that "JP Morgan will not be providing any of the information you request." a) These statements were made despite Defendant's receipt of the Indenture and Trust Property, the acceptance of trusteeship by conduct pursuant to the Indenture, and Defendant's fiduciary obligations under New York law. b) The statements constitute a misrepresentation or negligent misstatement of Defendant's legal status as Trustee.

28. Defendant's failure to provide an accounting constitutes a distinct breach of fiduciary duty and constructive fraud, as it: a) Violates the express terms of the Indenture requiring full disclosure and transparency; b) Deprives Plaintiff of its right to review and audit the handling of Trust Property; c) Demonstrates a lack of good faith and due care, undermining the orderly administration of the Trust; and d) Reflects a disregard for Plaintiff's rights and the Settlor's express intent.

29. Defendant's fiduciary breaches and concealment of material facts have caused irreparable harm to Plaintiff, including but not limited to: a) Inability to confirm whether Trust Property was properly preserved, managed, or monetized during Defendant's possession; b) Erosion of confidence in the integrity of the Trust's administration, impairing Plaintiff's ability to enforce the Indenture's terms; and c) Delays, costs, and uncertainty that jeopardize the purpose of the Trust.

30. Constructive fraud applies here because: a) A fiduciary relationship existed, imposing a heightened duty of loyalty, care, and disclosure on Defendant; b) Defendant breached this fiduciary duty by failing to provide a transparent accounting and concealing material information about its handling of Trust Property; c) The breach resulted in harm to Plaintiff, including irreparable damage to the administration of the Trust; and d) Defendant's conduct reflects negligence, mismanagement, and obstruction, warranting equitable relief.

~ 6 ~

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, being without adequate remedy at law, prays that this Court enter judgment in favor of Plaintiff as follows:

### 31. Specific Performance to Fulfill the Trust's Purpose

a) An order compelling Defendant, as Trustee, to specifically perform its obligations under the Fiat Lux Trust Indenture, including the administration of the Trust in strict accordance with its terms and the Settlor's express intent;

b) An order directing Defendant to honor the Instrument as required by the Trust's purpose and in compliance with its fiduciary duties; and

c) An order requiring Defendant to discharge its duties as Trustee with good faith, loyalty, and reasonable care, ensuring the fulfillment of the Trust's purpose without delay or obstruction.

### 32. Specific Performance to Comply with Audit Requirements

An order compelling Defendant to fully comply with Plaintiff's audit request pursuant to Section 2.6 of the Fiat Lux Trust Indenture.

### 33. Further Relief

Such other and further relief as this Court may deem just, equitable, and appropriate under the circumstances.

# VERIFICATION

STATE OF TENNESSEE }

COUNTY OF HENRY }

Carson D. Loper, being duly sworn, deposes and says:

I am the Settlor and Co-Beneficiary of the plaintiff in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof. The same is true to my knowledge, except as to matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
Carson D. Loper
Settlor & Co-Beneficiary of Plaintiff

Sworn to before me this 20th day of November, 2024.

_____
Notary Public, State of Tennessee

My commission expires: August 5, 2027